J-S52039-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KAREEN BROWN | |
| Appellant | No. 984 EDA 2014 |

Appeal from the PCRA Order February 25, 2014
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0000837-2007

BEFORE:  GANTMAN, P.J., ALLEN, J., and FITZGERALD, J.*

MEMORANDUM BY GANTMAN, P.J.:              **FILED AUGUST 29, 2014**

Appellant, Kareen Brown, appeals from the order entered in the Chester County Court of Common Pleas, dismissing as untimely his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows. Appellant robbed a Kentucky Fried Chicken restaurant at gunpoint on June 8, 2005.  On May 15, 2008, at the conclusion of a three-day trial in which Appellant represented himself, a jury convicted Appellant of seven (7) counts of robbery, one (1) count of aggravated assault, and related charges.

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

_____

*Former Justice specially assigned to the Superior Court.

The trial court imposed an aggregate sentence of sixteen (16) to thirty-two (32) years' imprisonment on July 2, 2008. This Court affirmed the judgment of sentence on April 9, 2010. On September 24, 2010, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. Appellant subsequently filed a petition for a writ of *certiorari* with the United States Supreme Court, which the Court denied on March 7, 2011. **See Commonwealth v. Brown**, 998 A.2d 1002 (Pa.Super. 2010) (unpublished memorandum), *appeal denied*, 608 Pa. 615, 8 A.3d 341 (2010), *cert. denied*, ___ U.S. ___, 131 S.Ct. 1616, 179 L.Ed.2d 511 (2011).

Appellant filed the current *pro se* PCRA petition on July 26, 2013. On July 30, 2013, the PCRA court appointed counsel, who filed an amended petition on August 26, 2013. On December 2, 2013, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing, pursuant to Pa.R.Crim.P. 907. After Appellant filed a reply and the PCRA court issued an amended Rule 907 notice, the court dismissed the petition on February 25, 2014. On March 25, 2014, Appellant timely filed a notice of appeal. On April 15, 2014, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied.

Appellant raises the following issue for our review:

> WHETHER THE [PCRA] COURT ERRED BY DISMISSING APPELLANT'S PCRA PETITION AS UNTIMELY WHERE APPELLANT'S COUNSEL FAILED TO ADVISE HIM THAT HIS PETITION FOR A WRIT OF *CERTIORARI* TO THE SUPREME

COURT OF THE UNITED STATES HAD BEEN DENIED AND APPELLANT FILED HIS PCRA PETITION BEYOND THE TIME LIMIT SET BY STATUTE?

(Appellant's Brief at 3-4).

As a prefatory matter, we must determine whether Appellant's current PCRA petition was timely. *Commonwealth v. Hutchins*, 760 A.2d 50 (Pa.Super. 2000). The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Hackett*, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). A court may not examine the merits of a petition for post-conviction relief that is untimely. *Commonwealth v. Abu-Jamal*, 574 Pa. 724, 735, 833 A.2d 719, 726 (2003). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. To invoke an exception, a petition must allege and the petitioner must prove:

> (i) the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner asserting a timeliness exception must file a petition within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." *Commonwealth v. Gamboa-Taylor*, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000). For purposes of the timeliness exception regarding the discovery of new facts, due diligence demands that the petitioner take reasonable steps to protect his own interests, and the petitioner must explain why he could not have obtained the new fact earlier with the exercise of due diligence; this rule is strictly enforced. *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa.Super. 2010).

Instantly, Appellant's judgment of sentence became final on March 7, 2011, upon the United States Supreme Court's denial of Appellant's petition for a writ of *certiorari*. Appellant filed the current PCRA petition on July 26,

2013, over two (2) years and four (4) months later. Thus, Appellant's petition is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke the "new facts" exception to the time restrictions of the PCRA. Appellant argues his counsel on direct appeal failed to notify him of the denial of the petition for a writ of *certiorari* with the United States Supreme Court, thereby depriving Appellant of the knowledge that the judgment became final.

After a thorough review of the record, the briefs of both parties, the applicable law, and the well-reasoned opinion of the Honorable William P. Mahon, we conclude Appellant's issue merits no relief. The PCRA court opinion properly disposes of the question presented. (**See** PCRA Court Opinion, filed May 8, 2014, at 3-6) (finding: Appellant failed to plead jurisdictional facts, that, if proven, would establish as matter of law that he acted with due diligence; Appellant failed to explain why he could not have learned new fact that United States Supreme Court denied *certiorari* earlier through exercise of due diligence; Appellant's petition was devoid of facts showing he took reasonable steps to protect his own interests; status of Appellant's case is public information and readily accessible by mail, telephone, or internet; Appellant's PCRA petition failed to satisfy any enumerated exceptions to excuse late filing; Appellant's petition was untimely, and PCRA court had no jurisdiction to review it). Based upon the foregoing, we conclude Appellant's PCRA petition remains time-barred. **See**

- 5 -

***Monaco, supra***; ***Gamboa-Taylor, supra***.  Accordingly, we affirm on the basis of the PCRA court's opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/29/2014

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS

: CHESTER COUNTY, PENNSYLVANIA

VS.

: CRIMINAL ACTION

KAREEN R. BROWN : NO. 0837-2007

Nicholas J. Casenta, Jr., Chief Deputy District Attorney
Robert P. Brendza, Esquire, Attorney for Defendant
Kareen R. Brown, Defendant

**OPINION**

AND NOW, this 8ᵗʰ day of May, 2014, this Opinion is filed pursuant to Pa. R.A.P. 1925 in response to Defendant's timely Statement of Errors Complained of on Appeal filed on April 22, 2014.

**PROCEDURAL AND FACTUAL HISTORY**

On the morning of June 8, 2005, Kareen R. Brown ("Defendant") wearing a black hunting mask and armed with a .22 caliber revolver entered the Kentucky Fried Chicken ("KFC") restaurant on Lincoln Highway in Thorndale, Chester County, Pennsylvania from which he had been discharged three weeks prior. Defendant entered the restaurant through the back door, which had been propped open with a mop. At the time of Defendant's entry, employees of the restaurant were engaged in money-counting the receipts of the previous day's sales. Defendant first approached KFC employee Kim Evans, pointed his weapon at Ms. Evans and threatened to "blow her fuc**** head off" unless she remained quiet and complied with his directives. Defendant then forcibly escorted Ms. Evans to the restaurant's office at gunpoint. The assault on Ms. Evans resulted in her suffering a severe asthma attack, necessitating a hospital visit. Along with Ms. Evans, Defendant also threatened a second employee, Nicole Pandola, at gunpoint. Defendant proceeded to coerce Ms. Pandola into giving him the case from the restaurant safe and cash drawers. After Defendant received the money from Ms. Pandola, he pressed his revolver into her neck forcing her to lie down on the bathroom floor of the restaurant. See Opinion, 7/28/09, at 1.

On May 15, 2008, following a three-day jury trial, wherein he represented himself, Defendant was convicted of seven (7) Counts of Robbery; one (1) Count of Theft by Unlawful Taking; two (2) Counts of Making Terroristic Threats; two (2) counts of Unlawful Restraint; two (2) Counts of Reckless Endangerment; two (2) Counts of False Imprisonment; three (3) Counts of Simple Assault; one (1) Count of Possession of an Instrument of a Crime ("PIC"); one (1) Count of Receiving Stolen Property; one (1) Count of Aggravated Assault; and one (1) Count of Criminal Trespass. On July 2, 2008, Defendant was sentenced to an aggregate state sentence of sixteen (16) to thirty-two (32) years imprisonment. Id. at 1-2.

1

Thomas Wagner, Esquire, was appointed as Defendant's appellate counsel. See Entry of Appearance, 4/1/10. Mr. Wagner filed a direct appeal to the Superior Court of Pennsylvania on Defendant's behalf, which was denied on April 9, 2010. See Superior Court Opinion 2280 EDA 2008. Mr. Wagner then petitioned for Allowance of Appeal to the Supreme Court of Pennsylvania, which was denied on September 24, 2010. See Opinion, 360 MAL 2010. Thereafter, Mr. Wagner filed a Petition for a Writ of Certiorari with the Supreme Court of the United States, which was denied on March 7, 2011. See Commonwealth v. Kareen Brown, 8 A.3d 341 (2010). The Clerk of the Supreme Court of the United States provided notice of the decision to deny the Petition to Attorney Wagner but not to Defendant. Mr. Wager failed to advise Defendant that his appeal to the United States Supreme Court had been denied. Thus, Defendant contends he was unaware of this decision until he sent a letter to the Clerk of the Supreme Court requesting a status update on his case. On May 29, 2013, the Clerk sent a letter to the Defendant, in response to his inquiry, advising him that his Petition had been denied. See Letter, 3/29/13.

On July 23, 2013, Defendant filed a *pro se* Post-Conviction Relief Act ("PCRA") Petition.[1] See PCRA Petition, 7/23/2013. As this was Defendant's first PCRA Petition, the Court appointed Robert P. Brendza, Esquire, to represent Defendant in all matters pertaining to his Petition. See Order Appointing Counsel, 7/30/13. On August 26, 2013, Mr. Brendza filed an Amended PCRA Petition requesting that Defendant's right to file a PCRA Petition be re-instated *nunc pro tunc*. See Amended PCRA Petition, 8/26/13, at ¶ 12. The Commonwealth filed a response and an amended response to Defendant's Amended PCRA Petition requesting that it be dismissed as untimely. See Com.'s Resp., 10/4/13; Com.'s Am. Resp., 10/18/13. On December 2, 2013, this Court issued its Notice of Intent to Dismiss Defendant's PCRA Petition ("Notice to Dismiss") as untimely. See Notice to Dismiss, 12/2/13. However, on January 28, 2014, the Court issued an Order amending its Notice to Dismiss to correct a factual error.[2] See Order, 1/28/14. Having received no counseled response, Defendant's PCRA Petition and its amendment were dismissed without a hearing on February 25, 2014. See Order, 2/25/14. On March 25, 2014, Defendant filed a Notice of Appeal in response to which, we filed and served upon the Defendant an Order directing him to file of record a Concise Statement of Errors Complained on Appeal ("Concise Statement"). See Notice of Appeal, 3/25/14; Order, 4/15/14. On April 22, 2014, Defendant filed his Concise Statement and raised one issue on appeal. See Concise Statement, 4/22/14.

---

[1] Defendant's PCRA Petition is deemed filed as of July 23, 2013 pursuant to the "prisoner mailbox rule." See Commonwealth v. Little, 716 A.2d 1287, 1288 (Pa. Super. Ct. 1998) (extending the prisoner mailbox rule to petitions for post-conviction collateral relief). Consequently, Defendant's Petition is deemed filed on the date that he deposited it with prison authorities, or placed it in the prison mailbox.

[2] This factual error relates to the Court's recitation of the procedural history in Defendant's case. The correct procedural history is reflected in the above-mentioned Order amending our December 2, 2013 Notice and in this Opinion. (See Order, 1/28/14.) Specifically, we indicated in our Notice to Dismiss that Mr. Brendza was seeking to withdraw as PCRA counsel, however, as Mr. Brendza filed an Amended PCRA Petition on August 26, 2013; he was not seeking to withdraw. In our Amended Order we granted Mr. Brendza an additional twenty (20) days from the date of docketing of the Order to respond. Furthermore, we explained in the Order that if no such response was filed, we would issue a final, appealable, Order dismissing Defendant's PCRA Petition and its amendment without a hearing. (See Order, 1/28/14.)

2

## DISCUSSION

Defendant takes issue with this Court's Order of February 25, 2014 dismissing his PCRA Petition and its amendment. Specifically, we dismissed Defendant's PCRA Petition as untimely and for failing to satisfy one of the enumerated exceptions to the one-year timeliness requirement. In his Concise Statement, Defendant identifies one (1) issue on appeal. That issue in the Defendant's own words is as follows:

> "Defendant could not file a timely PCRA Petition because his counsel was ineffective for failing to notify him that his Petition for appeal to the Supreme Court of the United States had been denied. Defendant is prohibited under the PCRA statute from filing a *pro se* PCRA Petition until all of his appeals are exhausted. Defendant did not find out his appeal had been denied until after time to file his *pro se* PCRA Petition had expired."

See Concise Statement, 4/22/14, at 1.

This Court retains jurisdiction to hear a PCRA petition for one year from the time a sentence becomes final. 42 Pa.C.S. § 9545(b). A judgment of sentence becomes final at the expiration of the time allowed for seeking review through direct appeal. See 42 Pa.C.S. § 9545(b)(3). However, though a PCRA petition may be on its face untimely, section 9545(b)(1) of the statute provides for three (3) exceptions to the one-year deadline for filing a PCRA petition. These exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

See 42 Pa.C.S. § 9545(b)(1)(i-iii); Commonwealth v. Walker, 721 A.2d 380, 382, n3 (Pa. Super. 1998).

It is the defendant's burden to plead in his PCRA petition any exceptions to the time bar, and that burden necessarily entails an acknowledgement by the petitioner that his petition under review is untimely but that one or more of the exceptions apply. Commonwealth v. Wharton, 886 A.2d 1120, 1126 (Pa. 2005); see also Commonwealth v. Beasley, 741 A.2d 1258 (Pa. 1999). Moreover, a petition invoking one of the statutory exceptions must be filed within sixty (60) days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2); Beasley, 741 A.2d at 1260-61; Commonwealth v. Fahy, 737 A.2d 214, 219 (Pa. 1999).

3

It is well-established that in Pennsylvania the one year time period, in which the defendant has to file a PCRA petition, begins to run upon the conclusion of direct review. If a defendant files a Petition for a Writ of Certiorari with the United States Supreme Court, and the petition is denied, the judgment of sentence becomes final on that date. Commonwealth v. Banks, 726 A.2d 374, 375 (Pa. 1999).

In the case at bar, appellate counsel filed a Petition for a Writ of Certiorari to the United States Supreme Court, which was denied on March 7, 2011. Consequently, Defendant's judgment of sentence became final on March 7, 2011, and to be timely a PCRA petition would have to be filed before March 7, 2012. However, Defendant acquiesced and filed his PCRA Petition on July 23, 2013. Accordingly, Defendant's PCRA Petition is 503 days late.

Defendant alleges the he meets the statutory exception set forth in 42 Pa.C.S. § 9545(b)(1)(ii), permitting an untimely filing upon realization of facts previously unknown to the defendant, which could not have been determined with due diligence. See PCRA Pet.,7/23/13, at 3. However, for the reasons set forth below, we find that Defendant failed to plead jurisdictional facts, which, if proven would establish as a matter of law that he acted with due diligence. Thus, Defendant is procedurally time-barred from filing a *nunc pro tunc* Petition under the PCRA statute.

Here, it reasons that all the issues raised in Defendant's PCRA Petition consist of allegations claiming that his due process rights were violated by appellate counsel or the United States Supreme Court. Specifically, Defendant claims that he could not file a timely PCRA petition due to the ineffective assistance of his appellate counsel. In advancing this argument, Defendant avers that Mr. Wagner failed to inform him that his final appeal to the United States Supreme Court had been denied. Similarly, Defendant alleges that he first learned of the denial after he sent a letter to the Clerk of the Supreme Court requesting the status of his case. On May 29, 2013, the Clerk sent a letter to the Defendant in response to his inquiry advising him that his Petition had been denied. See PCRA Pet., 7/26/13, at Ex. B; Am. PCRA Pet., 8/26/13.

Even accepting as true, Defendant's argument that Mr. Wagner failed to notify him regarding the Unites States Supreme Court's denial of his appeal; his PCRA Petition fails to satisfy any of the enumerated exceptions that would excuse the late filing. The timeliness exception contained in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which based his petition an could not have ascertained those facts earlier *by the exercise of due diligence.* Commonwealth v. Bennett, 930 A.2d 1264, 1271 (Pa. 2007) (emphasis supplied). Due diligence demands that the petitioner take reasonable steps to protect his own interests. Commonwealth v. Carr, 768 A.2d 1164, 1168 (Pa. Super. 2001). A petitioner must explain why he could not have learned the new fact earlier with the exercise of due diligence. Commonwealth v. Breakiron, 781 A.2d 94, 98 (Pa. 2001). The due diligence rule is *strictly enforced.* Commonwealth v. Vega, 754 A.2d, 714, 718 (Pa. Super. 2000) (emphasis supplied).

Here, Defendant contends that he was prevented from filing a timely PCRA petition by Mr. Wagner's failure to inform him that the United States Supreme Court had denied his Petition for a Writ of Certiorari. However, Defendant fails to explain why he could not have learned the new

4

fact earlier through the exercise of due diligence. Specifically, the United States Supreme Court denied Defendant's Petition on March 7, 2011, however, he waited until May 16, 2013 to contact the United States Supreme Court and request the status of his case. Tellingly, Defendant waited for over two years before corresponding with the United States Supreme Court. Although Defendant claims that appellate counsel abandoned him by failing to communicate with him about his appeal, see PCRA Pet. 7/23/13, at 3b, this contention is belied by the record. Defendant acknowledged that appellate counsel sent him a letter dated September 28, 2010, cogently discussing both Defendant's appellate rights and PCRA options. See PCRA Pet., 7/23/13, at Ex. A. Moreover, Defendant failed to plead in his Petition what action he took to try to contact appellate counsel. Where, as here, Defendant's Petition is devoid of factual support evidencing that he took reasonable steps to protect his own interests by contacting Mr. Wagner or the Supreme Court of the United States during the time his case was allegedly in limbo; we must reject Defendant's claim that he acted with due diligence.

Likewise, we reject Defendant's contention that his untimely PCRA Petiton satisfies the "interference by governmental officials" exception set forth in 42 Pa.C.S. § 9545(b)(1)(i). See PCRA Pet., 7/23/13, at 3. Although Defendant presumes that the Supreme Court of the United States was obligated to mail him a copy of its decision, this is not the law. Such orders are not sent directly to the prisoner. Rather, counsel of record is sent the notice on the assumption that counsel will inform his client of the court's action. See United States Supreme Court Rule No. 16 (expressly stating "[w]henever the Court denies a petition for a writ of certiorari, the Clerk will prepare, sign, and enter an order to that effect and will notify forthwith counsel of record and the court whose judgment was sought to be reviewed"). Here, the Supreme Court of the United States provided notice of its decision to Defendant's counsel of record. To reiterate, it is the ethical duty of the attorney to inform his client of any court decision that he receives on the client's behalf. In a case such as the instant one, it is logical to believe that appellate counsel will inform his client that his case has been dismissed. Moreover, a claim that ineffective assistance rendered by prior counsel prevented the Defendant from raising the present claim in a timely manner does not meet the exception due to the specific provision in the Act that the term "government officials" does not encompass defense counsel.[3] See 42 Pa.C.S. § 9545(b)(4). Accordingly, we reject Defendant's contention that his failure to raise the claim previously was the result of interference by government officials or predicated upon a constitutional violation.

The alleged failure of Mr. Wagner to convey the United States Supreme Court's decision to Defendant did not relieve Defendant of the obligation to protect his own interests. It would be disingenuous to suggest that a client bears no responsibility for maintaining contact with his attorney throughout the appellate process and for tracking the status of his case. Moreover, the status of the Defendant's case is "public information" and is readily accessible via mail, telephone or the internet. Although Defendant is incarcerated and may not have unlimited access to the internet, he could have corresponded with the Supreme Court of the United States via telephone or through the mail. Defendant had a full year to learn the status of his case; and a mere letter or phone call to his attorney or the Clerk of the Supreme Court of the United States

---

[3] Pursuant to 42 Pa.C.S. § 9545(b)(4), "government officials" shall not include defense counsel, whether appointed or retained.

5

would have revealed that his appeal was denied. Conversely, Defendant could have directed a third-party to inquire about the status of his case through the internet. Because appellate counsel's failure to notify Defendant that his appeal was denied was easily discoverable during Defendant's one-year window to file a timely PCRA petition, we conclude Defendant did not take reasonable steps to protect his own interests or act with due diligence.

The one-year filing requirement is jurisdictional in nature and, as such, an untimely PCRA petition deprives this Court of jurisdiction over the subject matter. Commonwealth v. Pursell, 749 A.2d 911, 913-14 (Pa. 2000). It is imperative to note that the substantive merits of a PCRA petition are irrelevant to the timeliness of the PCRA petition. Commonwealth v. Wilson, 824 A.2d 331, 334 (Pa. Super. 2003) citing Commonwealth v. Murray, 753 A.2d 201, 203 (Pa. 2000).

As Defendant's PCRA Petition is both untimely and fails to meet any of the enumerated exceptions to this one-year timeliness requirement, this Court is divested of jurisdiction over Defendant's Petition. Absent satisfying the due diligence requirement, the mere discovery by Defendant of appellate counsel's failure to inform him that his appeal was denied, after the one-year window to file a PCRA petition, does not place Defendant under subsection 9545(b)(1)(ii). Accordingly, Defendant's Petition and its amendment were properly dismissed.

For the foregoing reasons, we respectfully request that the decisions of this court be affirmed by the Superior Court.

BY THE COURT:

William P. Mahon, J.

6